**AFFIRMED; Opinion Filed May 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01547-CR

### TIMOTHY SCOTT HARRIMAN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F94-01553-ML**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

Timothy Scott Harriman appeals from the trial court's denial of his post-conviction motion for DNA testing. In a single issue, appellant contends the trial court erred in denying his motion because he met his burden to show the statutory prerequisites for testing. We affirm the trial court's order.

### FACTUAL BACKGROUND

Appellant was convicted of murder and sentenced to thirty-four years' confinement. We affirmed the conviction in *Harriman v. State*, No. 05-94-00905-CR, 1995 WL 635032 (Tex. App.—Dallas Oct. 12, 1995, no pet.). The evidence presented at trial included a signed voluntary statement by appellant. According to appellant's statement, on the evening of September 16, 1993, he and his roommate, George Vanlandingham, were in their apartment along with several neighbors. Vanlandingham purchased cocaine from a neighbor named Carlos

as well as beer for the group. Appellant stated he became angry with Vanlandingham for spending money on beer and cocaine because he owed appellant $100 in rent. Appellant left the apartment and, when he returned, Vanlandingham was alone. Appellant said he and Vanlandingham began to argue about the rent money and appellant grabbed him by the throat and squeezed until Vanlandingham "went limp and fell to the ground." Appellant stated he thought Vanlandingham was only unconscious because he felt a pulse, so he moved Vanlandingham to the area of the apartment where he slept and covered him with a sheet.

The following morning, appellant realized Vanlandingham was dead. Appellant did not call the police because he was afraid they would think he intended to kill Vanlandingham. Instead, he wrapped the body in a sheet and put him in a closet. The next day, appellant left to stay at a friend's. Vanlandingham's body was discovered two days later by an apartment complex maintenance worker. Appellant was indicted and convicted for causing Vanlandingham's death by strangling him.

On August 15, 2012, appellant filed a motion for post-conviction DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure. The State responded that it had retained two pieces of biological evidence in the case but argued the request for testing should be denied because the identity of the person who committed the offense was not at issue in the case and the results could not prove appellant's innocence. The trial court denied appellant's motion without a hearing finding that identity was not an issue and there was no showing that appellant would not have been convicted even if DNA testing had shown the biological material did not belong to him. Appellant now brings this appeal of the trial court's denial of his motion.

ANALYSIS

Chapter 64 of the code of criminal procedure governs a convicted person's request for post-conviction forensic DNA testing and contains multiple threshold requirements that must be met before a movant is entitled to such testing. Appellant bears the burden of meeting all statutory predicates. *See Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008). When a trial court rules on a motion for DNA testing without conducting a hearing, we review the court's ruling *de novo*. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005). We must assume for purposes of our review that the results of the DNA testing would be favorable to appellant. *See Routier*, 273 S.W.3d at 257.

Among the requirements for testing under Chapter 64, a movant must show that identity was an issue in the case. TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (West Supp. 2014) Appellant contends identity was an issue here because he testified at trial that Vanlandingham still had a pulse after he choked him and many other people had access to the apartment and the victim on the date of the offense. Appellant was indicted and convicted, however, on the basis that his admitted strangling of Vanlandingham was the cause of death. Although appellant disputed that his actions killed Vanlandingham, there was no evidence presented at trial of any other potential cause of death. Because appellant admitted to the conduct the jury concluded caused Vanlandingham's death, identity was not an issue in the case.

A second requirement for testing is that the movant must show by a preponderance of the evidence that he would not have been convicted if the DNA testing had revealed exculpatory results. *Id.* art. 64.03(a)(2)(A). This showing is not made if the exculpatory test results would "merely muddy the waters." *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

Appellant argues that, if a third person's DNA were found on Vanlandingham, this would support his defensive theory that another person, such as Carlos, was responsible for the murder.

The biological evidence available for testing in this case was a "head hair" and "hairs from hands." The evidence was undisputed that numerous people, including Carlos, were with Vanlandingham shortly before he was killed. Accordingly, even if the hairs found on Vanlandingham belonged to someone else, this fact would neither prove that person's guilt nor disprove appellant's. *See Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) (en banc) (presence of another person's DNA at crime scene will not, without more, constitute affirmative evidence of movant's innocence). Again, appellant admitted to the conduct the jury concluded caused Vanlandingham's death. At best, the requested DNA evidence would only "muddy the waters." The trial court did not err in concluding that DNA testing was not required.

We overrule appellant's sole issue and affirm the trial court's order.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131547F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIMOTHY SCOTT HARRIMAN,
Appellant

No. 05-13-01547-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F94-01553-ML.
Opinion delivered by Justice Evans. Justices
Francis and Stoddart participating.

Based on the Court's opinion of this date, the order of the trial court is **AFFIRMED**.

Judgment entered this 4th day of May, 2015.